UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARL R. BERN, et al.,<br><br>               Plaintiffs,<br><br>    v.<br><br>WELLS FARGO BANK, N.A.,<br><br>               Defendant. | CASE NO. C10-1701JLR<br><br>ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION |

## I.    INTRODUCTION

This matter comes before the court on Plaintiffs Carl R. Bern and Debra E. Bern's pro se motion for preliminary injunction (Dkt. # 3). Plaintiffs seek to enjoin the Defendant Wells Fargo Bank, N.A. ("Wells Fargo") from foreclosing on their home. Wells Fargo filed a notice of appearance (Dkt. #6), and appeared through counsel at the October 28, 2010 hearing. Having considered the submissions of the parties, and having heard oral argument, the court DENIES Plaintiffs' motion (Dkt. # 3).

ORDER- 1

## II. BACKGROUND

On October 21, 2010, Plaintiffs filed a complaint (Dkt. # 1) alleging various claims against Wells Fargo related to "a consumer contract for the refinance of a primary residence." (Compl. at 1.) In addition, Plaintiffs filed a motion for temporary restraining order (Dkt. # 2) to enjoin the sale of their residence which was scheduled to occur the next day at 10:00 a.m., along with the present motion for preliminary injunction (Dkt. # 3).

The court granted Plaintiffs' motion for a temporary restraining order, but in doing so ordered Plaintiffs to "file evidence of their compliance with the notice provisions of Washington's Deed of Trust Act ["DTA"], RCW 61.24.130(2), and any other evidence relevant to their request for a temporary restraining order or preliminary injunction, prior to the . . . [preliminary injunction] hearing." (Order (Dkt. # 4) at 2.) Plaintiffs have provided no further evidence or documentation concerning their compliance with Washington's DTA, or with regard to their claim for preliminary injunction.

In their complaint, Plaintiffs allege that they "entered into a consumer contract for refinance of a primary residence." (Compl. at 1.) They also allege that "Defendants [sic] acting in concert and collusion with others, induced Petitioner to enter into a predatory loan agreement with Defendant." (*Id.*) Plaintiffs refer to "a 237,510.00 [sic] note at 7.0630% interest over 30 years," but it is unclear if Plaintiffs are alleging these facts concerning their own loan with Wells Fargo, or merely offering these numbers as an exemplar to demonstrate the "handsome profit" that a lender might expect from such a loan. (Compl. at 4.) Beyond these allegations, Plaintiffs' pro se complaint is largely

ORDER- 2

devoid of any specifics about the transaction at hand, and filled with generalized indictments of the entire mortgage and banking industries.  (*Id.* at 2.)

Plaintiffs have not alleged or provided any documentation or other evidence concerning when the deed of trust at issue here was executed or recorded, any specific facts surrounding the negotiation or execution of their refinance loan with Wells Fargo, the amount of their loan that is in arrears, why their loan in is arrears, or whether they were given proper notice of default or of the trustee's sale.  There is no allegation that Plaintiffs are not in default, nor is there an intelligible allegation of any irregularity in the present foreclosure process.

In addition to a lack of specific factual allegations, it is nigh impossible to discern what the Plaintiffs' legal claims may be.  Plainly, Plaintiffs are upset by the generalized state of the banking and mortgage industries in this country and believe that deregulation and shoddy practices have "release[ed] the unscrupulous on the unwary" and caused harm to "the unsophisticated American public."  (Compl. at 3.)  Indeed, Plaintiffs "maintain[] the real culprit is the system itself, including the courts, for failure to strictly enforce the consumer protection laws."  (Compl. at 2.)  In the course of their denunciation of the "system," Plaintiffs do mention several types of claims and consumer protection statutes.  Based on these references, the court gleans that Plaintiffs claims may include violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, deceptive advertising, unjust enrichment, breach of fiduciary duty, fraud, breach of implied covenant of good faith and fair dealing, infliction of emotional distress, and

ORDER- 3

negligence. (*See* Compl.) Although references to these possible causes of action are sprinkled throughout the Plaintiffs' complaint, Plaintiffs nevertheless fail to properly plead any claim. What is missing from the Plaintiffs' complaint is a connection between the causes of action they reference and the scant facts that they plead concerning their own particular circumstances.

The closest Plaintiffs come to alleging specific facts related to their loan transaction, the handling of their deed of trust, or the foreclosure on their home, is a list of specific fees that Plaintiffs claim were charged at the settlement of their loan. (Compl. at 13-14; Mot. at 11-12.) Plaintiffs allege that these charges were in violation of RESPA. (Mot. at 11.) However, Plaintiffs then go on to allege that they were in fact "unable to determine whether or not the above fees are valid in accordance with the restrictions provided by the various consumer protection laws." (*Id.* at 12.) Plaintiffs also invert the burden of proof by asserting that "[t]he . . . charges are . . . disputed and deemed unreasonable until such time as the said charges have been demonstrated to be reasonable." (*Id.*) Obviously, such allegations are improper. Thus, even where Plaintiffs have provided more detail, their allegations are still inadequate.

### III.  STANDARDS

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, ___ U.S. ___, 129 S. Ct 365, 374 (2008). In addition, the Ninth Circuit Court of Appeals has recently clarified that

"'serious questions going to the merits and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, ___ F.3d ___, 2010 WL 3665149, at *8 (9th Cir. 2010).

## IV. DISCUSSION

Nonjudicial foreclosures in Washington are governed by the Deed of Trust Act ("DTA"), RCW ch. 61.24. *Cox v. Helenius,* 693 P.2d 683, 685 (Wash. 1985); *see also Vawter v. Quality Loan Serv. Corp. of Wash.,* 717 F. Supp. 2d 1115, 1121 (W.D. Wash. 2010) (explaining operation of the DTA). The procedure set forth in RCW 61.24.130 for restraining a trustee's sale initiated pursuant to the DTA is "the only means by which a grantor may preclude a sale once foreclosure has begun with receipt of the notice of sale and foreclosure." *Cox,* 693 P.2d at 686. Specifically, under RCW 61.24.130(1), a court must "require as a condition the granting of a restraining order or injunction that the applicant pay to the clerk of the court the sums that would be due on the obligation secured by the deed of trust if the deed of trust was not being foreclosed." *Id.* In addition, RCW 61.24.130(2) provides:

> No court may grant a restraining order or injunction to restrain a trustee's sale unless the person seeking the restraint gives five days notice to the trustee of the time when, place where, and the judge before whom the application for the restraining order or injunction is to be made. This notice shall include copies of all pleadings and related documents to be given to the judge. No judge may act upon such application unless it is accompanied by proof, evidenced by return of a sheriff, the sheriff's deputy, or by any person eighteen years of age or over who is competent to be a witness, that the notice has been served upon the trustee.

*Id.*

During the October 28, 2010 hearing, Plaintiffs acknowledged that they are unable to pay the amounts required under RCW 61.24.130(1) into the court's registry. Further, the court ordered Plaintiffs to provide evidence of their compliance with the notice provisions of the DTA prior to the court's hearing on Plaintiffs' motion for preliminary injunction (*see* Order at 2), but Plaintiffs have failed to provide any such evidence. Proof of service of the complaint and Plaintiffs' various motions on Wells Fargo will not suffice. Under the statute, the notice must be given to the trustee, not the beneficiary or bank. *See* RCW 61.24.130(2). Plaintiffs' acknowledgement of their inability to make payments into the court's registry, as well as their failure to timely provide notice under RCW 61.24.130(2) are sufficient grounds, in and of themselves, upon which to deny Plaintiffs' motion for preliminary injunction.

Plaintiffs also fail to establish a likelihood of success on or serious questions as to the merits of their claims due to their inadequate pleading. Plaintiffs have submitted no declarations or other evidence in support of their pleadings. When asked by the court at the October 28, 2010 hearing if they had anything further to submit, they stated that they had been "advised" to stand solely on the pleadings that they had already filed with the court. Those pleadings consist of their complaint (Dkt. # 1), their motion for temporary restraining order (Dkt. # 2), and their present motion for preliminary injunction (Dkt. # 3). Because there is nothing else except their bare pleadings to consider when weighing their likelihood of success on the merits, the court first must determine if Plaintiffs have

ORDER- 6

even properly stated a claim. If not, then they certainly are not likely to succeed on the merits.

The adequacy of pleadings is governed by Federal Civil Procedure Rule 8(a)(2), which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted). Although the complaint is construed in the plaintiff's favor, *Keniston v. Roberts,* 717 F.2d 1295, 1300 (9th Cir. 1983), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. Determining whether the allegations in a complaint are "plausible" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S. Ct. 1937, 1950 (2009). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Iqbal,* 129 S. Ct. at 1950. For certain claims such as fraud or misrepresentation, a more stringent standard is mandated. Rule 9(b) requires "a party to state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).

Plaintiffs' complaint, although rife with generalized complaints concerning banks and mortgage companies, is nearly devoid of specific factual allegations relating to their

ORDER- 7

loan or the foreclosure on their home. They have certainly failed to plead either fraud or misrepresentation with the level of specificity required under the heightened standard of Rule 9(b), and they have failed to meet the standard set forth under Rule 8(a) for any of their remaining claims as well. Just because there may be inappropriate practices within an industry at large, does not mean that those practices have occurred in a particular matter. What is missing from Plaintiffs' complaint and motion for preliminary injunction is any connection between the causes of action they attempt to plead, their generalized complaints about the banking and real estate industries, and the particular facts of their case. Plaintiffs simply fail to demonstrate or allege how the generalized complaints contained in their pleadings relate to *their* loan or the foreclosure proceeding on *their* home. As such, they have again failed to demonstrate a likelihood of success on the merits.

Because Plaintiffs have failed to follow the strict statutory procedures set forth in RCW 61.24.130 for the granting of injunctive relief with regard to the nonjudicial foreclosure of their property, and because they have failed to demonstrate a likelihood of success on or serious questions going to the merits of their claims, the court DENIES their motion for preliminary injunctive relief (Dkt. # 3), and lifts its prior temporary restraining order (Dkt. #2).

Counsel for Wells Fargo represented during the October 28, 2010 hearing that Plaintiffs had begun, but never completed, an application for a loan modification. In light of this fact, Wells Fargo has stipulated that it will postpone the trustee's sale of Plaintiffs' home until December 6, 2010, permitting Plaintiffs more time to complete their

ORDER- 8

1 application for and negotiate a possible modification of their loan terms with Wells
2 Fargo. In the meantime, the court ORDERS the parties to file a status report regarding
3 the status of the trustee's sale and the litigation no later than noon on December 2, 2010.

      Dated this 28th day of October, 2010.

                                            JAMES L. ROBART
                                            United States District Judge

ORDER- 9