UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARL R. BERN, et al., | CASE NO. C10-1701JLR |
| Plaintiffs, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSAL OF ALL CLAIMS |
| v. | |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |

## I.   INTRODUCTION

This matter comes before the court upon Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion for dismissal of all claims based on Federal Rules of Civil Procedure 12(b)(6) and 56. (Dkt. # 15.) Plaintiffs Carl R. Bern and Debra E. Bern ("the Berns") failed to file a cognizable response to Wells Fargo's motion. Having considered the motion, and the records and files herein, the court GRANTS Wells Fargo's motion (Dkt. # 15), and DISMISSES the complaint in its entirety with prejudice.

ORDER- 1

## II. BACKGROUND & ANALYSIS

The Berns filed this lawsuit on October 21, 2010, seeking damages for alleged improprieties in the lending process related to the refinance of their home mortgage, rescission of the loan, and an injunction against the non-judicial foreclosure sale of their home. (Compl. (Dkt. # 1).) The Berns also moved for a temporary restraining order and a preliminary injunction. (Dkt. ## 2, 3.) In its order denying the Berns' motion for preliminary injunction, the court stated:

> Plaintiffs' pro se complaint is largely devoid of any specifics about the transaction at hand, and filled with generalized indictments of the entire mortgage and banking industries.
>
> Plaintiffs have not alleged or provided any documentation or other evidence concerning when the deed of trust at issue . . . was executed or recorded, any specific facts surrounding the negotiation or execution of their refinance loan with Wells Fargo, the amount of their loan that is in arrears, why their loan is in arrears, or whether they were given proper notice of default or of the trustee's sale. There is no allegation that Plaintiffs are not in default, nor is there an intelligible allegation of any irregularity n the present foreclosure process.
>
> In addition to a lack of specific factual allegations, it is nigh impossible to discern what the Plaintiffs' legal claims may be. . . . Plaintiffs do mention several types of claims and consumer protection statutes. Based on these references, the court gleans that Plaintiffs claims may include violations of the Real Estate Settlement Procedures Act ("RESPS"), 12 U.S.C. § 2601 *et seq.*, violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, deceptive advertising, unjust enrichment, breach of fiduciary duty, fraud, breach of the implied covenant of good faith and fair dealing, infliction of emotional distress, and negligence. (*See* Compl.) Although references to these possible causes of action are sprinkled throughout the Plaintiffs' complaint, Plaintiffs nevertheless fail to properly plead any claim.

*********

1
2
3
4
> Plaintiff's complaint, although rife with generalized complaints concerning banks and mortgage companies, is nearly devoid of specific factual allegations relating to their loan or the foreclosure on their home. They have certainly failed to plead either fraud or misrepresentation with the level of specificity required under the heightened standard of Rule 9(b), and they have failed to meet the standard set forth under Rule 8(a) for any of their remaining claims as well.

5 (Order (Dkt. # 9) at 2-4 & 7-8.) Despite the court's foregoing statements concerning the

6 inadequacy of their claims, the Berns never amended their complaint to conform to the

7 standards set forth in the Federal Rules of Civil Procedure.

8       On February 28, 2011, Wells Fargo filed a motion to dismiss the Berns' complaint

9 based both on the inadequacy of their pleadings under Federal Rule of Civil Procedure

10 12(b)(6), and a failure of evidence to support their claims and raise a "genuine dispute as

11 to any material fact" under Federal Rule of Civil Procedure 56. (Mot. (Dkt. # 15).) In its

12 motion, Wells Fargo asserts (1) that the statute of limitations bars the Berns' Truth in

13 Lending Act claim, (2) that the Berns have no right of action under the Real Estate

14 Settlement Procedures Act, (3) that the sale of their property in non-judicial foreclosure

15 proceedings waived their state law claims except for fraud, (4) that their claim for fraud

16 was not plead with sufficient particularity under Federal Rule of Civil Procedure 9(b),

17 and (5) that there is no evidence that Wells Fargo made any misrepresentations to the

18 Berns. (*See* Mot. (Dkt. # 15).) Wells Fargo has made an adequate showing that it is

19 entitled to dismissal of the Berns' complaint in its entirety on summary judgment. (*See*

20 Dkt. ## 15, 16.)

21       Although the Berns filed two documents with the court subsequent to Wells

22 Fargo's motion, neither document represents a response to Wells Fargo's motion. On

ORDER- 3

March 22, 2011, Mr. Bern filed a document entitled "Presentment," which he purportedly sent by certified mail to Wells Fargo Home Mortgage. (Dkt. # 17.) In the Presentment, Mr. Berns demands to inspect the original note relating to his home mortgage, and demands that Wells Fargo Home Mortgage produce all witnesses to the original note. (Dkt. # 17.) Although RCW 61.24.030(7)(a) requires the trustee to "have proof that the beneficiary is the owner" of the promissory note, there is no requirement in Washington's Deed of Trust Act requiring the trustee to produce the original note to the borrower. Courts "have routinely held that Plaintiff's 'show me the note' argument lacks merit." *Freeston v. Bishop, White & Marshall, P.S.,* No. C09-5560BHS, 2010 WL 1186276, at *6 (W.D. Wash. Mar. 24, 2010) (quoting *Diessner v. Mortgage Electronic Registration Systems,* 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009)); *Wallis v. Indymac Fed. Bank,* 717 F. Supp. 2d 1195, 1200-01 (W.D. Wash. 2010). In any event, Wells Fargo has submitted a copy of the promissory note, supported by testimony that it is a true and correct copy and a part of Wells Fargo's business records for the Berns' loan. (Walls Decl. (Dkt. # 16) ¶ 12, Ex. A.)

In addition, on April 14, 2011, the Berns filed a document in which they state that they "reject the verdict[] of the United States District Court" and assert the jurisdiction of the Kuiu Kwann Traditional Tribal Court over this matter. (Dkt. # 19 at 6-7.) Again, this document fails to provide any cognizable response to Wells Fargo's motion. Further, having reviewed the Berns' submission, the court finds no basis for its abstention in this matter, or for the assertion or existence of tribal court jurisdiction here.

ORDER- 4

While the court is aware that the Berns are acting pro se in this matter, they have not responded to any of the arguments in Wells Fargo's motion. Pursuant to the Local Rules for the Western District of Washington CR 7(b)(2), "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rules W.D. Wash. CR 7(b)(2). Because the Berns have failed to file a response to Wells Fargo's motion to dismiss their complaint, the court considers this an admission by the Berns that Wells Fargo's motion has merit.

Under Federal Rule of Civil Procedure 56(e) "[i]f a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it. . . ." Fed. R. Civ. P. 56(e). Here, Wells Fargo has properly moved for summary judgment, and supported its motion with admissible evidence demonstrating facts entitling it to summary judgment. (*See* Mot. & Walls Decl.) Because the Berns have failed to properly address Wells Fargo's motion and its assertions of fact in support of summary judgment, the court finds that the entry of summary judgment in favor of Wells Fargo is appropriate.

Accordingly, the court finds that the Berns' complaint should be dismissed both under Federal Rules of Civil Procedure 12(b)(6) and 56. Wells Fargo has demonstrated that the Berns have failed to state any cognizable claim and that there is no genuine dispute of material fact warranting a trial. Because the court finds that dismissal is appropriate under both Rules 12(b)(6) and 56, there is no need to permit Plaintiffs' an opportunity to amend their complaint.

### III. CONCLUSION

Based on the foregoing, the court GRANTS Wells Fargo's motion for dismissal of the complaint and summary judgment of all claims (Dkt. # 15). The court DISMISSES the Berns' complaint with prejudice.

Dated this 22nd day of April, 2011.

JAMES L. ROBART
United States District Judge

ORDER- 6